# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7770 | **DATE** | 1/28/2004 |
| **CASE TITLE** | Sompo Japan Insurance vs. M/V Commander, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. To avoid the patchwork type of pleading that would result if the errors here were to be addressed via an amendment to the Answer, the entire Answer is stricken. Jack Gray is of course granted leave to file a self-contained Amended Answer -- but with AD 1 recast and Ad 2 omitted -- in this Court's chambers on or before February 9, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JAN 29 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 6 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 1/28/2004 | |
| SN | | courtroom deputy's initials | | date mailed notice SN | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SOMPO JAPAN INSURANCE COMPANY )
OF AMERICA, )
 )
             Plaintiff, )
 )
v. )  No. 03 C 7770
 )
M/V COMMANDER, et al., )
 )
             Defendants. )

**DOCKETED**
**JAN 2 9 2004**

MEMORANDUM ORDER

    Jack Gray Transport, Inc. and Chicago Stevedoring Company (collectively "Jack Gray," treated as a singular noun) have filed their Answer, including affirmative defenses ("ADs"), to the admiralty Complaint brought against Jack Gray and other defendants by Sompo Japan Insurance Company of America ("Sompo"), with the Complaint including supplemental jurisdiction claims as well. This memorandum order is issued sua sponte because the Answer includes some patent violations of federal pleading principles that need to be corrected.

    In the main those violations involve a repeated disregard of the clear roadmap that the second sentence of Fed. R. Civ. P. ("Rule") 8(b) marks out for any party that can qualify for a deemed denial in those terms--see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Here each of Answer ¶¶2 through 6, 8, 9, 12, 15 and 18 reads in these terms:

    JACK GRAY lacks sufficient information to either admit

or deny the allegations of Paragraph --, and, therefore denies said allegations.

That locution omits the essential reference to a lack of <u>belief</u>, which the drafters of the Rule inserted deliberately to create a substantial hurdle for those who seek to assert the required disclaimer to obtain a deemed denial.

Moreover, it is of course a contradiction in terms to follow even a defective disclaimer (one that states an inability "to either admit or deny") with an outright denial ("and, therefore denies said allegations"). That language must be omitted when Jack Gray's counsel returns to the drawing board to restate any answers that can qualify for a deemed denial in the objective good faith required of every litigant and every lawyer.

As for the two ADs, each of them is also problematic. Here are their difficulties:

1. AD 1 asserts in generic terms that any relief against Jack Gray is "governed and limited by the terms and conditions of the relevant tariffs and shipping documents...." Even under the notice pleading regime that exists in the federal courts, that type of assertion provides inadequate information to plaintiff and this Court. If Jack Gray wishes to assert any such limitations, it must do so in more particular form.

2. AD 2, which is the essential equivalent of a Rule 12(b)(6) motion and must thus accept all of the Complaint's

2

allegations as true, is flat-out wrong. If Jack Gray's Answer were to have admitted all of the allegations of the Complaint, a judgment against it on the pleadings would have been in order.

To avoid the patchwork type of pleading that would result if the errors here were to be addressed via an amendment to the Answer, the entire Answer is stricken. Jack Gray is of course granted leave to file a self-contained Amended Answer--but with AD 1 recast and AD 2 omitted--in this Court's chambers (with a copy of course to be delivered contemporaneously to plaintiff's counsel) on or before February 9, 2004, failing which (1) all of the allegations in the Complaint paragraphs that correspond to the Answer's earlier-mentioned paragraphs will be deemed to have been admitted and (2) the two ADs will remain stricken.

Finally, no charge is to be made to Jack Gray by its counsel for the added work and expense incurred in correcting counsel's errors. Counsel are ordered to apprise Jack Gray to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                      *Milton I. Shadur*
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: January 28, 2004